(38 South. 407.)

No. 15,291.

WHITE CASTLE LUMBER & SHINGLE CO., Limited, v. LE BLANC et al.*

(March 13, 1905.)

CONTRACT—CONSTRUCTION—BINDING EFFECT.

Parties who have bound themselves with reference to one contract cannot be held with

*Rehearing denied April 10, 1905.

reference to another and different contract as to which they have not bound themselves. Hence parties who, on the representation of A. that he has bought certain property from B. for $5,000, part cash and part credit, agree to pay the credit portion of this price in case A. does not pay it, cannot be held for any part of the price of a sale thereafter made by B. to A. whereby the same property is conveyed in globo with other property for a lump price of $15,000, all on credit.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Gustavus. Adolphus Goudran, Judge ad hoc.

Action by the White Castle Lumber & Shingle Company, Limited, against Paul Le Blanc and others. Judgment for defendants, and. plaintiff appeals. Affirmed.

Louis Lozano and McCloskey & Benedict,. for appellant. Edward Nicholls Pugh, for appellees.

PROVOSTY, J. This suit is on the following document, and on the four notes last therein mentioned, to wit:

"Donaldsonville, April 1st, 1899. The White Castle Lumber & Shingle Co., Ltd., having sold their business in Donaldsonville, including stock on hand, live stock and vehicles, buildings, office fixtures, to Paul LeBlanc of Donaldsonville on the following terms and conditions, to-wit: $223.04, cash down, and 8 notes, each for $687.50, dated this 1st April, 1899, and payable quarterly, first four notes, to bear 8 per cent interest after their maturity, the last four notes to bear 8 per cent interest from date.

"We the undersigned for consideration and in order to assist Paul LeBlanc, do hereby bind ourselves jointly and severally to pay the aforesaid obligation in the event said Paul LeBlanc failing to do so and we hereby jointly and severally waive presentation of payment, notice of nonpayment, and consent that the time of payment may be tended without notice.

"(1) H. O. Maher, (2) L. E. Bentley, (3) Adolph Netter, (4) M. Brocford, (5) E. Langbecker, (6) Sam Airaud, (7) J. A. Dalferes, (8) Louis Dehon, (9) Fred Rogge."

The signers of this document, be they sureties, as they correctly contend, or be they obligors in solido with the principal debtor, Paul Le Blanc, as plaintiff erroneously contends, plead and prove that they signed said document at the request of Paul Le Blanc,

knowing nothing of his business with plaintiff except as recited in the document; that the document falsely recited that the property therein referred to had already been sold to Le Blanc and a debt was already in existence; that in truth and in fact said property was sold only afterwards, not sooner than the 11th of April, and perhaps as late as July, and was thus sold in globo, with the good will of the plaintiff's business in the town of Donaldsonville and $10,789.65 of open accounts, for a lump price of $15,-817.16, all on credit; that, without consulting the signers of said document, the notes therein mentioned were given in part payment of this $15,817.16; and that thus the present suit is for part of the consideration of a contract to which they, the signers of the document, were not parties, and with reference to which they never agreed to bind themselves.

This defense is perfect. The signers of the document bound themselves with reference to one contract, and they are sought to be held upon another.

The sale with reference to which they went surety never in fact took place, and the debt they agreed to secure never materialized; but even if, by a most latitudinarian, and, in our opinion, most unwarrantable, construction, the said document were held to have had reference to a sale thereafter to be made of the property therein mentioned, still the signers could be held only for the price of said particular property, and not for any part of the price of the good will or of the $10,000 of open accounts included in the sale; and, since the sale was in globo for a lump price, no fixed proportion of the price could be set apart as being that of any particular part of the property sold, and hence it would be impossible for the court to say that the debt sued on and the debt mentioned in the document were the same.

Other defenses are made, and other questions discussed, but we imagine an all-sufficient answer to plaintiff's suit is the one here sustained, namely:

We have not entered into the contract you sue us on—non hoc fœdus inivimus.

Judgment affirmed.