The judgment appealed from is in our opinion correct.

Judgment affirmed; defendant and appellant to pay the cost in both courts.

---

**The ITEM COMPANY, Limited, v. Carlo POLAZZO et al.***

**No. 874.**

Court of Appeal of Louisiana. First Circuit.

Dec. 8, 1931.

For former opinion, see 134 So. 345.

Borron, Hebert & Owen, of Plaquemine, for appellant.

Dupont & Dupont, of Plaquemine, for appellees.

PER CURIAM.

We granted a rehearing in this case, restricted to the question of extension of term of payment on the obligation, which would release the sureties, under the authorities referred to in the application therefor. After considering the case again, we desire to correct an oversight, and, at the same time, to explain and modify the last four lines in our opinion; but in other respects our former opinion is to remain unchanged.

We now say, however, that there was no consideration received for an extension of the terms of the maturities of the obligation sued on from a semimonthly to a monthly period of payment; that the plaintiff, the Item Company, sold and delivered the papers to Carlo Polazzo as dealer on monthly terms of credit instead of semimonthly terms of maturities, as stipulated in the obligation on which it is seeking to hold Mrs. Pasqualle Cerame and Peter Panepinto liable as sureties. The matter which we wish to correct is that our opinion, through oversight, says that Carlo Polazzo testified that the papers were sold to him on the term of 15 days' credit. We should have said that he testified that the papers were sold to him on terms of 30 days' credit. His testimony is that plaintiff sold him papers by the month, and sent him bills monthly on said account.

T. J. Marquette, plaintiff's bookkeeper, testifies that plaintiff sent bills to Polazzo once a month, and that the papers were sold to him on 30 days' credit. We quote plaintiff's bookkeeper as follows:

"Q. But in the case of Mr. Polazzo, the Item Company dealt with him on an extension of 30 days' credit? A. Yes, sir."

The account sued on, annexed to and made part of plaintiff's petition, shows daily sales for monthly periods of time, and indicates monthly periods of payment. The sureties, Mrs. Cerame and Mr. Panepinto, bound themselves on an obligation which stipulates for semimonthly payments, and are sought to be held liable as sureties on a dealing based on monthly payments, to which they are not parties and did not consent.

The argument used and authorities cited in plaintiff's brief are applicable to a case coming under the provisions of the Civil Code, art. 3063, but the prolongation referred to has reference to the obligation for which the sureties bound themselves, not to a situation like the present in which the sureties are sought to be held on a contract to which they did not consent and are not parties. The situation, disclosed by the record is like that which existed in White Castle Lumber & Shingle Co. v. Le Blanc, 114 La. 425, 38 So. 407, in which the court said: "The signers of the document bound themselves with reference to one contract, and they are sought to be held upon another." It is upon this ground that we predicate our opinion and decree. Subject to the change and modification made, and as above stated, our former opinion and decree herein is deemed correct, and the same is now reinstated and made the final judgment of this court.

---

*Certiorari denied by Supreme Court February 1, 1932.